**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Pamela Paaso**
Assistant U.S. Attorney
pamela.paaso@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

January 6, 2026

Robert L. Sepp
Attorney at Law
1830 Blankenship Road, Suite 240
West Linn, OR 97068

      Re:    *United States v. Teresa Valdovinos-Godinez*
             Case No. 3:24-cr-00265-AB

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Count One of the Superseding Indictment, which charges abusive sexual contact in violation of Title 18, United States Code, Section 2244(a)(4).

3.    **Penalties**:  The maximum sentence for Count 1 is two years' imprisonment, a fine of $250,000, one year of supervised release, and a $100 fee assessment.  Defendant will be required to pay restitution to Minor Victim 1 (MV1). Defendant agrees to pay the fee assessments by the time of sentencing or explain to the Court why this cannot be done.

4.    **Sex Offender Registration**:  Defendant understands that under the federal Sex Offender Registration and Notification Act, she must register as a sex offender and keep the registration current in any state in which she resides, is employed, or is a student.  Defendant understands that she must update her registration not later than three business days following any change of name, residence, employment, or student status.  Defendant further understands that failure to comply with these obligations may subject her to prosecution under federal and/or state law for failing to register as a sex offender.

Robert Sepp
Re: Plea Agreement Letter
Page 2
January 6, 2026

5.      **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6.      **Elements and Factual Basis**: For defendant to be found guilty of Count 1 of the information, the government must prove the following elements beyond a reasonable doubt:

First, defendant knowingly had sexual contact with Minor Victim 1 (MV1);

Second, the sexual contact occurred while MV1 was in official detention at Morrison Mi Futuro, pursuant to a contract or agreement with the Office of Refugee Resettlement;

Third, the sexual contact occurred while MV1 was under the custodial, supervisory, or disciplinary authority of the defendant.

Defendant agrees that at trial, the government could prove beyond a reasonable doubt that between August and October of 2023, MV1, then sixteen years old, was in the custody of Morrison Mi Futuro pursuant to a contract with the Office of Refugee Resettlement under the authority of the U.S. Department of Health and Human Services. Defendant was employed as a staff member of Morrison Mi Futuro, and had custodial, supervisory and disciplinary authority over MV1 when she engaged in inappropriate communication with MV1, to include handing MV1 notes professing her affection for MV1. Other residents of Morrison Mi Futuro reported seeing defendant hug and kiss MV1. After leaving the facility MV1 disclosed to a forensic interviewer that during his time at Morrison Mi Futuro, defendant touched MV1's penis genitals through his clothing, making him uncomfortable.

7.      **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8.      **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2A3.4(a)(3) is a Base Offense Level of 12, and that a two-level increase reflecting MV1 being in the care or custody of defendant applies pursuant to 2A3.4(b)(3).

9.      **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct

Robert Sepp
Re: Plea Agreement Letter
Page 3
January 6, 2026

justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10.    **Sentencing Recommendation**:  The USAO will recommend an additional one-level variance pursuant to18 U.S.C. § 3553(a), to reach an adjusted guideline level of 11, in Zone B of the sentencing guidelines. The USAO will recommend a sentence within the applicable guideline range as calculated by the Court as long as defendant demonstrates an acceptance of responsibility as explained above. Defendant may recommend any lawful sentence, including a term of probation.

11.    **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.  Defendant may seek any downward departures, adjustments, or variances to the advisory sentencing guideline range toward their sentencing recommendation.

12.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory guideline sentencing range as determined by the Court.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).  If either of defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

Robert Sepp
Re: Plea Agreement Letter
Page 4
January 6, 2026

15.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16.    **Restitution**: The Court shall order restitution to the victim in the full amount of the victim's losses as determined by the Court. Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the USAO may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the Court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access

Robert Sepp
Re: Plea Agreement Letter
Page 5
January 6, 2026

records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

17. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18. **Deadline**: This plea offer expires if not accepted by 9 a.m. January 6, 2026 .

Sincerely,

SCOTT E. BRADFORD
United States Attorney

/s/ Pamela Paaso
PAMELA PAASO TXSB# 24060371
KATE A. ROCHAT OSB# 184324
Assistant United States Attorneys

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

1/8/2026
Date

Teresa Valdovinos-Godinez, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1/8/26
Date

Robert L. Sepp, Attorney for Defendant