Robert L. Sepp, OSB #020932

ROBERT L. SEPP ATTORNEY AT LAW

1830 Blankenship Road Suite 240

West Linn, Oregon 97068

Telephone: 503-998-7719

rsepplaw@gmail.com

Of Attorneys for Defendant, Teresa Valdovinos-Godinez

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 3:24-cr-00265AB |
| v. | DEFENDANT'S SENTENCING MEMORANDUM |
| TERESA VALDOVINOS-GODINEZ | |
| Defendants. | |

On April 2, 2026, Teresa Valdovinos-Godinez will appear for sentencing following her plea of guilty to one count of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2244(a)(4). Mrs. Valdovinos committed the crime. However, as documented in the PSR and supplemental materials provided to the Court, mitigating factors, including Mrs. Valdovinos'

Defendant's Sentencing Memorandum

genuine remorse and total acceptance of responsibility for her conduct, and her minimal risk of reoffending, warrant a modest variance from the guidelines, and a sentence of probation is appropriate as recommended in the PSR.  Further that the recommended sentence is "sufficient, but not greater than necessary" to serve the goals of sentencing outlined in 18 U.S.C. § 3553(a).

**<u>Unresolved Objections to PSR</u>**

Objection # 1

Page  7 Paragraph 25 and Page 9, Paragraph 36

In the Ninth Circuit, the government retains the burden of proving sentence enhancements by a preponderance of the evidence after a guilty plea (<u>*U.S. v. Melchor-Zaragoza*, 351 F.3d 925 (2003)</u>), (<u>*U.S. v. Johansson*, 249 F.3d 848 (2001)</u>). However, when defendants stipulate to enhancement facts in their plea agreements, those stipulations typically satisfy the government's burden and render any challenge to the burden of proof moot (<u>*U.S. v. Saldana*, 12 F.3d 160 (1993)</u>). The Ninth Circuit applies the same preponderance standard regardless of whether the defendant proceeds to trial or pleads guilty (<u>*U.S. v. Gonzalez-Vazquez*, 34 F.3d 19 (1994)</u>).

Mrs. Valdovinos admitted to touching ACG's penis over his clothes but never admitted any facts to support the allegation she face-timed ACG let alone to persuade, induce, entice, or coerce  ACG to engage in prohibited conduct. No digital evidence was found on either ACG or Mrs. Valdovinos' electronic devices.  Which were turned over to law enforcement and searched. ACG's statement was made in a subsequent interview which contradicted the statement ACG made in the initial interview.

Objection # 2 Paragraph  Probationary Terms (4), (6), (7), (8)

(4)     Objecting to the extent the sex-offender-treatment-rules limit Mrs. Valdovinos' ability to raise her minor children—i.e. taking them to-and-from school or daycare, parent teacher meetings, pediatrician appointments, play-dates school events that her children are participating in, graduations etc.—we would ask the rules to state no offensive contact with minor children.

(6)     Objecting to the extent this condition limits Mrs. Valdovinos ability to raise her minor children—i.e. taking them to-and-from school or daycare, parent teacher meetings, pediatrician

Defendant's Sentencing Memorandum

appointments, play-dates school events that her children are participating in, graduations etc.—we would ask the rules to state no offensive contact with minor children.

(7)     Objecting to the extent this condition limits Mrs. Valdovinos ability to raise her minor children—i.e. taking them to-and-from school or daycare, parent teacher meetings, pediatrician appointments, play-dates school events that her children are participating in, graduations etc.—we would ask the rules to state no offensive contact with minor children.

(8)     Objecting to the extent this condition limits Mrs. Valdovinos ability to raise her minor children—i.e. taking them to-and-from school or daycare, parent teacher meetings, pediatrician appointments, play-dates school events that her children are participating in, graduations etc.—we would ask the rules to state no offensive contact with minor children.[1]

SENTENCING CONSIDERATIONS

While not bound by the Sentencing Guidelines, district courts must consult the Guidelines and take them into account when sentencing. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 767 (2005). Even though the Guidelines are advisory, they remain influential in an effort to ensure national consistency. *Gall v. United States*, 128 S. Ct. 586, 596 (2007) ("to secure nationwide consistency, the Guidelines should be the starting point and initial benchmark for sentencing); see also *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) ([The] continuing duty of district courts to consult the Guidelines is statutory.).

After the parties are given a chance to argue, for a sentence they believe is appropriate, the Court should consider Section 3553(a) factors and decide if they support the sentence suggested by the parties. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (citing *Gall*, 128 S. Ct. at 596-97, n.6). The Court must make an individualized determination based on the facts, may not presume that the Guideline range is reasonable, and should not give the Guidelines factors more or less weight than other Section 3553(a) factors. *Id.*

---

[1] In the alternative, no offensive contact with minors while parenting her minor children

Defendant's Sentencing Memorandum

If the Court decides an outside-Guidelines sentence is warranted, the Court must ensure the justification is sufficiently compelling to support the degree of variance. *Id*. And finally, once a sentence is selected, the Court must explain it sufficiently to permit meaningful appellate review. *Id. at 992.*

PSR

On March 19, 2026, the U.S. Probation Office disclosed the final Presentence Report to the parties and issued its Sentencing Recommendation.

The PSR sets for an accurate picture of Mrs. Valdovinos' history. Mrs. Valdovinos is a mature and contemplative individual who exhibits a keen sense of conscience and compassion for others. Her biggest concern in entering into sentencing is the impact that her conduct has had on others, particularly her children. She has had a hard life, a victim of sex abuse herself. A teenage mother as a result of that abuse (PSR ¶59, 67-69). For the last twenty-one plus months while on pre-trial supervision she has had zero violations (PSR ¶13). Mrs. Valdovinos currently resides with her three youngest children aged 10 months to seven years old (PSR ¶60 & 62).

The Probation office's guidelines calculation differs in that it applied a two-level enhancement under USSG 2A3.4(b)(5) that was not considered by the parties. The party's intent was and is to resolve this in Zone B (PSR ¶5-7). After recommending a two-level reduction for acceptance of responsibility, the report calculated a total offense level of 14, a criminal history category of I, and an advisory sentencing range of 15-21 months.

After accounting for the parties' plea agreement, Probation recommended a sentence of no imprisonment, a five-year period of probation, and a $100 Special Assessment[2]

---

[2] To date no request for restitution has been made known to the defense

Defendant's Sentencing Memorandum

_Conclusion_

While the conduct is undoubtedly serious,  Mrs. Valdovinos is a first-time offender who until this matter had never faced a criminal justice intervention. The recommended sentence in the PSR, of no custody, a five-year period of probation, and a $100 Special Assessment, is "sufficient, but not greater than necessary" to meet the purposes of sentencing as described in 18 U.S.C. § 3553(a).

DATED this March 26th   2026.

/s/ Robert L.  Sepp_____

Robert L.  Sepp,

Attorney for Teresa Valdovinos-Godinez

Defendant's Sentencing Memorandum